# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:10-cv-00499

| | |
|---|---|
| PETER G. KOURES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| PFIZER, INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the court on defendant's Motion to Dismiss (#3). Having considered such motion, reviewed the pleadings, and heard oral arguments, the court enters the following findings, conclusions, and Order.

## FINDINGS AND CONCLUSIONS

**I.     Background**

On February 11, 2009, plaintiff filed an EEOC charge alleging that he was unlawfully discharged based on age and sex. A right to sue letter issued on April 27, 2010. Plaintiff alleged that he received such letter on May 1, 2010. On July 29, 2010, plaintiff, through counsel, filed an "Application and Order Extending Time to File Complaint" in the North Carolina General Court of Justice, Mecklenburg County, Superior Court Division. The state court's Order, issued July 29, 2010, allowed plaintiff until August 18, 2010, to file a Complaint against defendant. At the time the Application was filed and the Order issued, a summons was issued by the state court, all of which occurred July 29, 2010.

On August 18, 2010, plaintiff filed his Complaint in state court . On September 9, 2010, defendant was served with the summons and Complaint. While both Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII")and the Age Discrimination in Employment

Act (hereinafter ADEA") provide for bringing such actions in state or federal courts, defendant timely and properly removed this action on October 7, 2010.

After removal, defendant moved to dismiss this action, contending that plaintiff failed to file the action within 90 days of receipt of the right to sue letter. Defendant has moved to dismiss under "Rule 12," which the court deems to be a Rule 12(b)(1) motion inasmuch as defendant appears to argue that failure to file this action within 90 days is jurisdictional. As will be seen, the concurrent jurisdiction of state and federal courts mentioned above will play a pivotal role in the outcome of defendant's jurisdictional motion. Defendant has also asserted a motion to dismiss plaintiff's claim for "discrimination" under the North Carolina Equal Employment Practices Act (hereinafter "NCEEPA"), which the court deems to be a Rule 12(b)(6) motion.

## II. Applicable Standards

### A. Rule 12(b)(1) Standard

Rule 12(b)(1) provides for dismissal where the court lacks jurisdiction over the subject matter of the lawsuit. Lack of subject-matter jurisdiction may be raised at any time either by a litigant or the court. <u>Mansfield, C. & L.M.R. Co. v. Swan</u>, 111 U.S. 379, 382 (1884). The ability of the court to independently address subject-matter jurisdiction is important to finality inasmuch as a litigant, even one who remains silent on the issue of jurisdiction, may wait until they receive an adverse judgment from a district court and raise the issue of subject-matter jurisdiction for the first time on appeal, thereby voiding the judgment. <u>Capron v. Van Noorden</u>, 2 Cranch 126, 127, 2 L.Ed. 229 (1804). The Federal Rules of Civil Procedure anticipate this issue and provide that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3).

When a court considers its subject-matter jurisdiction, the burden of proof is on the plaintiff. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). In Richmond, Fredricksburg & Potomac R.R. Co. V. United States, 945 F.2d 765 (4th Cir. 1991) (Ervin, C.J.), the Court of Appeals for the Fourth Circuit held, as follows

> In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. Id.; Trentacosta v. Frontier Pacific Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir.1987). The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. Trentacosta, supra, 813 F.2d at 1559 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986)). The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Trentacosta, supra, 813 F.2d at 1558. A district court order dismissing a case on the grounds that the undisputed facts establish a lack of subject matter jurisdiction is a legal determination subject to de novo appellate review. Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir.1989); Shultz v. Dept. of the Army, 886 F.2d 1157, 1159 (9th Cir.1989).

Id., at 768-69. Where jurisdictional facts are intertwined with facts central to the substance of a case, a court must find that jurisdiction exists and consider and resolve the jurisdictional objection as a direct attack on the merits of the case. United States v. North Carolina, 180 F.3d 574, 580 (4th Cir. 1999).

**B.    Rule 12(b)(6) Standard**

Until recently, a complaint could not be dismissed under Rule 12(b)(6) unless it appeared certain that plaintiff could prove no set of facts which would support its claim and entitle it to relief. Neitzke v. Williams, 490 U.S. 319 (1989); Conley v. Gibson, 355 U.S. 41 (1957). This "no set of facts" standard has been specifically abrogated by the Supreme Court in recent decisions.

First, in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Court held that the

"no set of facts" standard first espoused in Conley, supra, only describes the "breadth of opportunity to prove what an adequate complaint claims, not the minimum adequate pleading to govern a complaint's survival." Id., at 563. The Court specifically rejected use of the "no set of facts" standard because such standard would improperly allow a "wholly conclusory statement of claim" to "survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." Id., at 561 (alteration in original).

Post Twombly, to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege facts in their complaint that "raise a right to relief above the speculative level." Id., at 555.

> [A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .

Id. (second alteration in original; citation omitted). Further, a complaint will not survive Rule 12(b)(6) review where it contains "naked assertion[s] devoid of further factual enhancement." Id., at 557. Instead, a plaintiff must now plead sufficient facts to state a claim for relief that is "*plausible* on its face." Id., at 570 (emphasis added).

While the Court was clear in Twombly that Conley was no longer controlling, see Twombly, 550 U.S. at 563, and Felman Production Inc. v. Bannai, 2007 WL 3244638, at *4 (S.D.W.Va. 2007), it again visited the Rule 12(b)(6) pleading standard in Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937 (May 18, 2009). In Iqbal, the Court determined that Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Id., S.Ct., at 1949. The Court explained that, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" Id. (citing Twombly, supra; emphasis added). What is plausible is defined by the Court:

"no set of facts" standard first espoused in Conley, supra, only describes the "breadth of opportunity to prove what an adequate complaint claims, not the minimum adequate pleading to govern a complaint's survival." Id., at 563. The Court specifically rejected use of the "no set of facts" standard because such standard would improperly allow a "wholly conclusory statement of claim" to "survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." Id., at 561 (alteration in original).

Post Twombly, to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege facts in their complaint that "raise a right to relief above the speculative level." Id., at 555.

> [A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .

Id. (second alteration in original; citation omitted). Further, a complaint will not survive Rule 12(b)(6) review where it contains "naked assertion[s] devoid of further factual enhancement." Id., at 557. Instead, a plaintiff must now plead sufficient facts to state a claim for relief that is "*plausible* on its face." Id., at 570 (emphasis added).

While the Court was clear in Twombly that Conley was no longer controlling, see Twombly, 550 U.S. at 563, and Felman Production Inc. v. Bannai, 2007 WL 3244638, at *4 (S.D.W.Va. 2007), it again visited the Rule 12(b)(6) pleading standard in Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937 (May 18, 2009). In Iqbal, the Court determined that Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Id., S.Ct., at 1949. The Court explained that, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" Id. (citing Twombly, supra; emphasis added). What is plausible is defined by the Court:

[a] claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Id. This "plausibility standard" requires "more than a sheer possibility that a defendant has acted unlawfully." Id. Thus, a complaint falls short of the plausibility standard where a plaintiff pleads "facts that are 'merely consistent with' a defendant's liability . . . ." Id. While the court accepts plausible factual allegations made in a complaint as true and considers those facts in the light most favorable to plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

In sum, when ruling on a Rule 12(b)(6) motion, "a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*) (citations omitted). A complaint "need only give the defendant fair notice of what the claim is and the grounds upon which it rests." Id., at 93 (alteration and internal quotation marks omitted). However, to survive a motion to dismiss, the complaint must "state[ ] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950. While a plaintiff is not required to plead facts that constitute a *prima facie* case in order to survive a motion to dismiss, see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510-15 (2002), "[f]actual allegations must be enough to raise a right to relief above the speculative level," Twombly, 550 U.S. at 555.

### III. Discussion

#### A. Improper Service

Defendant first moves to dismiss contending that under North Carolina law, plaintiff

-5-

was required to serve it with a summons *within five days* of filing the Complaint in state court. Defendant has misread North Carolina law.

First, defendant has read into Rule 3, North Carolina Rules of Civil Procedure (which was utilized by plaintiff in seeking the extension, discussed infra) a requirement that Rule 4*(a)* of the North Carolina Rules of Civil Procedure be followed after seeking an extension. (Emphasis added). This is *not* what Rule 3 provides. Instead, North Carolina Rule 3 provides as follows:

> (a) A civil action is commenced by filing a complaint with the court. The clerk shall enter the date of filing on the original complaint, and such entry shall be prima facie evidence of the date of filing.
> A civil action may also be commenced by the issuance of a summons when
> > (1) A person makes application to the court stating the nature and purpose of his action and requesting permission to file his complaint within 20 days and
> > (2) The court makes an order stating the nature and purpose of the action and granting the requested permission.
> The summons and the court's order shall be served in accordance with the provisions of Rule 4. **When the complaint is filed it shall be served in accordance with the provisions of Rule 4** or by registered mail if the plaintiff so elects. If the complaint is not filed within the period specified in the clerk's order, the action shall abate.

N.C. Rules Civ. Proc., G.S. § 1A-1, Rule 3 (emphasis added). Despite defendant's argument to the contrary, the Rule makes no reference to Rule 4(a). What defendant appears to be conflating is North Carolina's rule that if the summons does not *issue* within five days of filing the Complaint in such circumstances, the action abates. Roshelli v. Sperry, 291 S.E.2d 355, 357 (N.C. App. 1982). The terms "issuance" and "service" have distinct meanings, and are not interchangeable: "a) Summons--Issuance; who may serve.--Upon the filing of the complaint, summons shall be issued forthwith, and in any event within five days." N.C. Rules Civ. Proc., G.S. § 1A-1, Rule 4(a). Defendant has misread North Carolina law and such a reading cannot form a basis for dismissal. This motion will be denied.

B. **Failure to Commence the Action Within 90 days**

Defendant next contends that the Title VII and ADEA claims are time barred. They argue that plaintiff cannot enlarge the 90 day deadline for filing a federal Title VII action by seeking an extension of time from a state court under North Carolina Rule 3(a). Defendant cites Cannon v. Kroger Co., 832 F.2d 303 (4th Cir. 1987), for the proposition that Rule 3 of the North Carolina Rules of Civil Procedure cannot be used to extend the six month statute of limitations applied to "hybrid" § 301/fair representation claims under the National Labor Relations Act. While Canon does stand for that proposition, defendants fail to recognize that:

> [t]he reasoning of Cannon, however, makes clear that the rationale for barring the operation of Rule 3 was motivated by a desire for uniformity in "hybrid" cases that had been expressed by the Supreme Court.

Sheaffer v. County of Chatham, 337 F.Supp.2d 709, 725 (M.D.N.C. 2004) (Osteen, Sr., J.). The district court in Sheaffer went on to hold that:

> the Rule 3 procedure can properly be used in North Carolina state courts to extend the time in which to file claims under the ADA. Because Plaintiff sought the extension of time, had summonses issued before the 90-day period expired, and filed her complaint within the 20-day extension, her ADA claims were timely filed.

Id.

Defendant notes but dismisses as wrongly decided two other Middle District decisions which are inapposite to defendant's position, but which are directly on point. In Lassiter v. Labcorp Occupational Testing Services, Inc., 337 F.Supp.2d 746 (M.D.N.C. 2004), Honorable Frank W. Bullock, Jr., United States District Judge, held as follows:

> A plaintiff may file suit alleging a violation of Title VII in either state or federal court. *See, e.g., Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820, 823, 110 S.Ct. 1566, 108 L.Ed.2d 834 (1990) ("To give federal courts exclusive jurisdiction over a federal cause of action, Congress must, in an exercise of its powers under the supremacy clause, affirmatively divest state

courts of their presumptively concurrent jurisdiction."). Generally, a plaintiff must file a complaint to initiate a Title VII action in federal district court. *See Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 149-50, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) (stating that the Federal Rules of Civil Procedure dictate the filing of a complaint commences an action in federal court). *But see Page v. Arkansas Dep't Corr.*, 222 F.3d 453, 454 (8th Cir.2000) (concluding that litigant commenced a Title VII proceeding despite her failure to file a complaint when she submitted to the court a letter requesting assistance in filing a lawsuit and attaching a copy of the EEOC's right-to-sue letter and initial charge). A plaintiff may have alternate means for initiating a Title VII action in state court, however, depending on the state's statutory methods for commencing lawsuits. *See, e.g., Vail v. Harleysville Group, Inc.*, No. CIV.A.2002-CV-02933, 2002 WL 32172799 (E.D.Pa.2003) (finding that plaintiff's compliance with Pennsylvania procedural requirements for commencing a lawsuit, despite failure to file a complaint within the ninety-day period, satisfied Title VII); *Krouse v. Am. Sterilizer Co.*, 872 F.Supp. 203, 205 (W.D.Pa.1994) (observing that Section 2000e-5(f)(1) "contains no reference at all to [filing] a 'complaint,' " and finding that "the statute requires only that a civil action be brought within the 90-day limitations period, but it does not specify the manner of commencing the 'civil action.' ")

The North Carolina Rules of Civil Procedure do not limit the commencement of a lawsuit to the filing of a complaint. See N.C. R. Civ. P. 3(a). A plaintiff may, alternatively, commence an action by filing for an extension of time and by securing a summons from the state court. Id. Merely filing an application for an extension of time is insufficient; a plaintiff must have a summons issued within the relevant statutory period to sustain his claims. *See, e.g., Sink v. Easter*, 284 N.C. 555, 558, 202 S.E.2d 138, 140 (1974) (concluding that plaintiff's state law suit was properly initiated under "the procedure which permits an action to be commenced by the issuance of a summons"); *Beall v. Beall*, 156 N.C.App. 542, 577 S.E.2d 356 (2003) (affirming dismissal of plaintiff's claims because, prior to the expiration of the statute of limitations, plaintiff did not have a Rule 3 summons issued along with her application for a time extension); *Telesca v. SAS Inst., Inc.*, 133 N.C.App. 653, 516 S.E.2d 397 (1999) (affirming dismissal of plaintiff's claims based on failure to have a Rule 3 summons issued before the limitations period ran); Collins v. Edwards, 54 N.C.App. 180, 282 S.E.2d 559 (1981) (affirming dismissal on statute of limitations grounds because plaintiff failed to have a Rule 3 summons issued).

In the instant case neither party contests that Plaintiff filed for an extension of time and that the Durham County Superior Court issued a summons within the ninety-day period following Plaintiff's receipt of her right-to-sue letter from the EEOC. Instead, the parties contest whether the utilization of the Rule 3 extension of time of the North Carolina Rules of Civil Procedure constitutes bringing an action for the purposes of 42 U.S.C. § 2000e-5(f)(1). Unlike some other federal statutory schemes involving concurrent jurisdiction of state and federal courts, Section 2000e-5(f)(1) does not specify that the filing of a complaint is necessary to commence an action.

> Accordingly, a plaintiff may initiate a Title VII action in a North Carolina state court utilizing either means set forth in Rule 3 of the North Carolina Rules of Civil Procedure.

Id., 337 F.Supp.2d at 751-52.

Likewise, Honorable William Lindsay Osteen , Jr. held in <u>Allen v. Federal Express Corp.</u>, 2009 WL 3234699 (M.D.N.C. Sept. 30, 2009) as follows:

> Defendant further argues that Plaintiff's Complaint was also filed more than ninety days after issuance of her second right-to-sue letter, and thus her retaliation claim should also be dismissed. As discussed above, Plaintiff was issued her second right-to-sue letter on June 9, 2008. On September 5, 2008, Plaintiff filed an application and order extending by twenty days her time to file her complaint under Rule 3 of the North Carolina Rules of Civil Procedure. Plaintiff claims that she then had until September 25, 2008 to file her complaint, and on that date she properly filed her complaint. Defendant recognizes the existence of Rule 3, but argues that "no explanation of justification for failing to file within 90-days was provided" and suggests that Plaintiff "failed to issue a summons before the expiration of the 90-day period" as is required by Rule 3. (Def.'s Mem. in Support of Mot. to Dismiss (Doc. 10) 8.)
> 
> Rule 3 of the North Carolina Rules of Civil Procedure provides that an action may be commenced by the issuance of a summons when "[a] person makes an application to the court stating the nature and purpose of his action and requesting permission to file his complaint within 20 days" and "[t]he court makes an order stating the nature and purpose of the action and granting the requested permission." N.C. R. Civ. P. 3(a). "Merely filing an application for extension of time is insufficient; a plaintiff must have a summons issued within the relevant statutory period to sustain his claims." *Lassiter v. LabCorp Occupational Testing Servs., Inc.*, 337 F.Supp.2d 746, 751-52 (M.D.N.C.2004); see also Beall v. Beall, 156 N.C.App. 542, 547, 577 S.E.2d 356, 360 (2003) (affirming dismissal of claims because even though plaintiff filed a Rule 3 extension, summons was not issued until after the relevant statute of limitations expired).
> 
> A review of the record reveals that a "Civil Summons to be Served with Order Extending Time to File Complaint" was issued in the General Court of Justice, Superior Court Division, Durham County, on September 5, 2008, within the ninety-day period after Plaintiff's second right-to-sue letter was issued. (Notice of Removal (Doc. 1) Ex. A.) Therefore, Plaintiff's retaliation claim will not be dismissed, since the extension order was granted and a summons was issued within the ninety-day period after Plaintiff's second right-to-sue letter was issued.
> 
> Defendant further contends that Plaintiff should not be given the benefit of Rule 3, as it "is contrary to the clear language and intent of Title VII." (Def.'s Mem. in Supp. of Mot. to Dismiss (Doc. 10) 8.) However, a court in

> this district has previously held that a plaintiff may initiate a Title VII action in a North Carolina state court utilizing either means set forth in Rule 3 of the North Carolina Rules of Civil Procedure, as 42 U.S.C. § 2000e-5(f)(1) does not specify that the filing of a complaint is necessary to commence an action. *Lassiter*, 337 F.Supp.2d at 752 (M.D.N.C.2004). *See also Sheaffer v. County of Chatham*, 337 F.Supp.2d 709, 725 (M.D.N.C.2004) (Rule 3 procedure can properly be used in North Carolina state courts to extend the time in which to file claims under the ADA). This court finds these cases persuasive and concludes that Plaintiff brought the current Title VII retaliation action in a timely manner, and this claim will not be dismissed.

Id., at **3-4 . While none of these cases are binding on this court, they are the considered decisions of colleagues dealing with an identical issue. This court finds their reasoning persuasive.

The crux of defendant's argument is found in its Reply: "Plaintiff's filing of a Summons and Administrative Order Extending Time to File Complaint signed by a deputy clerk for Mecklenburg Superior Court does not equate to the filing of a Complaint." Reply, at 12. The problem with this argument is that it fails to recognize that Congress determined that an aggrieved employee could *commence* a Title VII or ADEA case in either state or federal court. In this case, plaintiff properly commenced his action in state court within the time allowed and defendant properly removed this action to this court by invoking the court's original (but not exclusive) jurisdiction. While Rule 3 of the Federal Rules of Civil Procedure does not provide a mechanism for enlargement of time to file a Complaint, that rule simply does not come into play or apply retroactively to an action timely commenced in a forum where jurisdiction was properly laid. Indeed, the Federal Rules provide that "[t]hese rules apply to a civil action after it is removed from a state court." Fed.R.Civ.P. 81(c)(1). Defendant's motion will, therefore, be denied.

### C. Supplemental Claim for Wrongful Termination in violation of the NCEEPA

Defendant has also moved to dismiss plaintiff's supplement claim. "To state a claim

for wrongful discharge in violation of public policy, an employee must identify a North Carolina public policy and plead that she was discharged for an unlawful reason or purpose that violates the public policy." Bratcher v. Pharm. Prod. Dev., Inc., 545 F.Supp.2d 533, 544 fn. 8 (E.D.N.C.2009). "[T]he employee has the burden of pleading and proving that the employee's dismissal occurred for a reason that violates public policy." Salter v. E & J Healthcare, Inc., 155 N.C.App. 685, 693-94 (2003).

In this case, plaintiff has stated a common law cause of action for wrongful termination in violation of the public policy of North Carolina, as expressed in the NCEEPA, which is as follows:

> It is the public policy of this State to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgement on account of race, religion, color, national origin, age, sex or handicap by employers which regularly employ 15 or more employees.

N.C. Gen.Stat. § 143-422.2 (2009). See Amos v. Oakdale Knitting Co., 331 N.C. 348, 353 (1992) ("at the very least public policy is violated when an employee is fired in contravention of express policy declarations contained in the North Carolina General Statutes"). To the extent that plaintiff may be attempting to assert a private civil action under the NCEEPA -- and not a common law claim for wrongful discharge based on the policy articulated by the NCEEPA -- the court would agree with defendant that there is no private right of action under the statute itself. Plaintiff's response makes it clear, however, that he is *only* asserting a common law claim for wrongful discharge based on the public policy expressed in the NCEEPA. Response (#9), at p. 10. The Rule 12(b)(6) motion will be denied.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Dismiss (#3) is

**DENIED**.

**IT IS FURTHER ORDERED** that defendant Answer the Complaint within 14 days.

Signed: May 16, 2011

Max O. Cogburn Jr.
United States District Judge