# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:10-CV-499-MOC-DCK

| | |
|---|---|
| PETER G. KOURES, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| PFIZER, INC., | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion To Seal" (Document No. 24). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is ripe for disposition. Having carefully considered the motion, the record, and applicable authority, the undersigned will <u>deny</u> the motion.

## BACKGROUND

Peter G. Koures ("Plaintiff") initiated this action with the filing of a "Complaint" (Document No. 1-1) in the Superior Court of Mecklenburg County, North Carolina on August 18, 2010. The Complaint asserts claims against Pfizer, Inc. ("Defendant") for: (1) sex discrimination in violation of Title VII; (2) age discrimination in violation of the ADEA; and (3) discrimination and wrongful termination in violation of North Carolina public policy. (Document No. 1-1, pp.7-11). Defendant filed its "Notice Of Removal" (Document No. 1) with this Court pursuant to 28 U.S.C. §§ 1441(a)(b) and (c) and 1446 on October 7, 2010.

On October 12, 2010, Defendant filed a "Motion To Dismiss" (Document No. 3). This case was reassigned to the Honorable Max O. Cogburn, Jr. on March 15, 2011. Judge Cogburn issued an "Order" (Document No. 13) denying the motion to dismiss on May 16, 2011, and

directing Defendant to file an Answer within 14 days. "Defendant's Answer To Plaintiff's Complaint" (Document No. 14) was filed on May 31, 2011.

A "Pretrial Order And Case Management Plan" (Document No. 16) was issued on June 30, 2011. Apparently, other than an amendment to the "Pretrial Order…," there was minimal activity in this case until a "Certification Of ADR Session" (Document No. 19) was filed on March 9, 2012. In that filing, mediator Kenneth P. Carlson, Jr. reported that the parties had completely settled the lawsuit. (Document No. 19). Plaintiff filed a "Joint Stipulation Of Dismissal" (Document No. 21) on April 9, 2012, and this case was terminated by the Court on April 10, 2012.

More than 4 ½ years after filing his Complaint, and 3 years after the case was closed, Plaintiff filed his first "Motion To Seal" (Document No. 22) on March 31, 2015. The crux of Plaintiff's request to seal the case is the allegation that the public record of the case makes it difficult for Plaintiff to find employment. (Document No. 22, p.1). More specifically, Plaintiff asserts that a "Google Search" of his name brings up the closed case and "stops [a] potential employer from wanting to hire Mr. Koures." Id.

Plaintiff's first motion to seal was immediately denied, without prejudice, because it failed to meet the requirements of the Local Rules 6.1(C)(4) and 7.1(B). (Document No. 23). Prior to Plaintiff's first motion to seal on March 31, 2015, neither party sought to seal any documents in this case, nor did either side seek entry of a Protective Order.

Plaintiff's second "Motion To Seal Case" (Document No. 24) was filed October 7, 2015. The second motion to seal is similar to the first, and again seeks to seal the entire case. (Document No. 24). Plaintiff contends, without specific citation to the record, that there are "confidential communications between Mr. Koures and his former employer, Pfizer, that is being made

2

accessible to the public, that constitutes an invasion of Mr. Koures' privacy and is resulting in economic harm to Mr. Koures due to lost job opportunities." (Document No. 24, p.1).

"Pfizer's Response In Opposition To Plaintiff's Motion To Seal" (Document No. 25) was filed on October 20, 2015. Defendant opposes the motion and asserts that the renewed motion fails to comply with Local Rules 6.1(C)(1), 6.1(C)(2), and 6.1(C)(4). (Document No. 25, p.1). Plaintiff's reply brief was filed on October 27, 2015. (Document No. 27).

The pending motion is now ripe for review and disposition.

## DISCUSSION

In support of its motion, Plaintiff cites a handful of decisions from the Ninth Circuit. (Document No. 24, p.3). While somewhat instructive on the issue before this Court, it does not appear that the cases cited by Plaintiff are particularly supportive of Plaintiff's request. As noted by Plaintiff, a "'strong presumption in favor of access [to judicial records]' is the starting point." Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Foltz v. State Farm Mutual Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003).

> A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard. Foltz, 331 F.3d at 1135. That is, the party must "articulate[] compelling reasons supported by specific factual findings," id. (citing San Jose Mercury News, Inc. v. U.S. Dist. Ct., 187 F.3d 1096, 1102–03 (9th Cir. 1999)), that outweigh the general history of access and the public policies favoring disclosure, such as the "'public interest in understanding the judicial process.'" Hagestad, 49 F.3d at 1434 (quoting EEOC v. Erection Co., 900 F.2d 168, 170 (9th Cir. 1990)). In turn, the court must "conscientiously balance[ ] the competing interests" of the public and the party who seeks to keep certain judicial records secret. Foltz, 331 F.3d at 1135. After considering these interests, if the court decides to seal certain judicial records, it must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." Hagestad, 49 F.3d at 1434 (citing Valley Broadcasting Co. v. U.S. Dist. Ct., 798 F.2d 1289, 1295 (9th Cir. 1986)).

3

Kamakana, 447 F.3d at 1178-79

"Plaintiff submits that economic loss and ongoing and continuing harm to future employment opportunities are sufficient compelling reasons in favor of sealing." (Document No. 24, p.3). However, contrary to the standard set forth in the caselaw he relies upon, Plaintiff has not identified specific facts that support his allegations of economic loss or harm to future employment opportunities. See (Document No. 24 and 24-6). According to Plaintiff's own legal authority, the Court cannot base a decision to seal judicial records on conjecture. See Kamakana, 447 F.3d at 1179

In response, Defendant argues that Plaintiff has failed to set forth a non-confidential description of the material sought to be sealed, and that actually many documents in the case do not contain confidential information. (Document No. 25, p.1) (citing Local Rule 6.1(C)(1)). Defendant further argues that "Plaintiff offers nothing more than conclusory assertions that the public's access to this case's records have harmed his employment prospects." (Document No. 25, p.2). Defendant also notes that Plaintiff has not explained "why the sealing each document in is necessary, and why no less-drastic alternative will suffice." Id.

In reply, Plaintiff re-asserts essentially the same speculative and conclusory argument that he is suffering economic loss as a result of the Court record being accessible on Google searches. (Documents No. 27).

Based on the foregoing, the undersigned is not persuaded there is sufficient support for sealing this case.

**CONCLUSION**

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion To Seal" (Document No. 24) is **DENIED**.

Signed: January 13, 2016

David C. Keesler
United States Magistrate Judge